Huang v. Lynch

BIA
Segal, IJ
A200 943 050

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

SHI HUANG,
> *Petitioner,*

v.                                          13-2613
                                            NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Troy Nader Moslemi, Esq., Moslemi & Associates, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General, Song Park, Senior Litigation Counsel, Kimberly A.

**Burdge, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shi Huang, a native and citizen of the People's Republic of China, seeks review of a June 12, 2013, decision of the BIA affirming the October 11, 2011, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shi Huang*, No. A200 943 050 (B.I.A. June 12, 2013), *aff'g* No. A200 943 050 (Immig. Ct. N.Y. City Oct. 11, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Huang filed his asylum application in 2011, the REAL ID Act applies in this case. *See* REAL ID Act of 2005, Div. B of Pub. L. No. 109-13, 119 Stat. 302, 303 (2005) (codified at 8 U.S.C. § 1158(b)(1)(B)(iii)); *Matter of S-B-*, 24 I. & N. Dec. 42, 45 (BIA 2006). For such asylum applications, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008).

The agency's adverse credibility finding is supported by substantial evidence. *Yanqin Weng*, 562 F.3d at 513; *Xiu Xia Lin*, 534 F.3d at 167. As the IJ found, Huang's sworn statement differed significantly from his credible fear interview and asylum application. *See Xiu Xia Lin*, 534 F.3d at 167 (providing that an IJ may support an adverse credibility determination with "any inconsistency or omission"). Huang stated initially that he left China because his home was seized for development; he later stated

3

in his credible fear interview and asylum application that he left China because he was arrested for practicing Christianity. The IJ considered but rejected Huang's explanation that he was nervous and in a cold room when he gave his sworn statement, but later prayed and decided to tell the truth at the credible fear interview. The agency was not required to credit this explanation. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Huang argues that the IJ should not have relied on the sworn statement because it was unreliable. As the IJ ruled, a sworn statement taken at the border is comparable to an airport interview, and an airport or border interview statement may be relied upon when "it represents a sufficiently accurate record of the alien's statements." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004).

Huang's statement was given under circumstances that comply with the safeguards we identified in *Ramsameachire.* The border agent read a statement to Huang (identical to the one read to Ramsameachire) stating that "U.S. law provides protection to certain persons who face persecution" and that Huang should say if he feared return to his home country.

4

Huang, who was provided an interpreter, confirmed that he understood this statement. Huang was asked about a fear of persecution, whether he had ever been arrested in China, and follow-up questions. He was given an opportunity to provide any other information he wished. The notes from the interview were typed, and Huang signed each page. There is no evidence, nor does Huang allege any problem with the translator or understanding the questions. The sworn statement taken at the border therefore has all the necessary hallmarks of reliability, and the IJ was permitted to rely upon this document when making her adverse credibility finding. *Ramsameachire*, 357 F.3d at 182. Because the only evidence of a threat to Huang's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk